**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICAH TORIN B.[1]             ) | |
| )| |
| Plaintiff,             ) | |
| )| |
| vs.             ) | Civil No. 3:25-cv-01403-GCS |
| )| |
| COMMISSIONER of SOCIAL             ) | |
| SECURITY,             ) | |
| )| |
| Defendant.             ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB").[2]

### PROCEDURAL HISTORY

On January 4, 2024, Plaintiff filed an application for DIB alleging a disability onset date of January 1, 2024. After holding an evidentiary hearing on February 6, 2025, an Administrative Law Judge ("ALJ") denied the application on February 14, 2025. (Tr. 24-

---

[1]     Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2]     This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 11).

45). On May 22, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 1-3). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following issues:

1. The ALJ improperly evaluated Plaintiff's Department of Veterans Affairs ("VA") disability rating.

2. The ALJ failed to build a logical bridge from the evidence to his opinion.

## APPLICABLE LEGAL STANDARDS

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019) Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)); *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); *Fetting v. Kijakazi,* 62 F.4th 332, 336 (7th Cir. 2023) (citations omitted).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether or not Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Jarnutowski v. Kijakazi,* 48 F.4th 769, 773 (7th Cir. 2022) (citations omitted). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103; *Pufahl v. Bisignano,* 142 F.4th 446, 454 (7th Cir. 2025) (citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Pufahl,* 142 F.4th at 454 (7th Cir. 2025) (citations omitted). Though judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Stephens*, 888 F.3d at 327 (citations omitted).

## THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff met the insured status requirements through December 31, 2026, and Plaintiff had not worked at the level of substantial gainful activity since his alleged onset date of January 1, 2024. The ALJ found that Plaintiff had the following severe impairments: posttraumatic stress disorder, cannabis abuse, major depressive disorder/depression, anxiety disorder NOS, and attention deficit hyperactivity disorder (20 CFR 404.1520(c)). (Tr. 30). However, the ALJ determined that "the severity of claimants metal impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, and 12.15." (Tr. 29).

The ALJ also found Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he must work in an environment with a moderate noise intensity level of quieter as defined within the Selected Characteristics of Occupations ("SCO"). He can understand and remember simple instructions and maintain the concentration, persistence, and pace necessary to carry out simple, routine tasks in two-hour segments at a time, that require no more than occasional independent judgment or decision-making and can be learned from a short demonstration up to and including 1 month. He retains the capacity to maintain a schedule and be on time. He would need only commonly provided supervision for simple routine tasks. He has the capacity to perform at a consistent acceptable rate and would require only common numbers and lengths of rest breaks. He retains the capacity to adapt to simple changes in daily routines, and the

capacity to be aware of and self-protective of common hazards. He retains the capacity to utilize public transportation to and from a place of work. No public interaction or contact should be part of the job duties, but he can have occasional, superficial interaction with co- workers and supervisors throughout the day, with "superficial" meaning where interactions are task or object-focused and do not require working with a group to plan, coordinate, or solve problems, and social contact should be incidental to the work performed." (Tr. 32). Thus, the ALJ found Plaintiff was not disabled.

**THE EVIDENTIARY RECORD**

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds the ALJ's summary of the record in his decision, when compared with the points raised by Plaintiff, is sufficiently comprehensive. Therefore, there is no need to summarize it again here.

**DISCUSSION**

The Court addresses Plaintiff's first argument that the ALJ improperly evaluated Plaintiff's VA disability rating. The Court agrees and concludes the ALJ's decision dismisses the VA disability award by simply concluding it is not dispositive for Social Security purposes. Specifically, the ALJ found:

> The undersigned has reviewed the disability rating from the Veterans Administration. The disability rating was unemployable due to depression, and 10% for tinnitus, and 10% for flexion of the knee (Exhibit B1F, B2F 97). However, the disability rating from the Veteran's Administration, or any other benefits related agency, has no direct correlation with a finding of disability under the Social Security Administration regulations. In addition, these ratings are based upon the existence of certain findings but often with little to no detail as to how those findings or the impairment impacts functioning. Furthermore, the Veteran's Administration does not question the efficacy of

Page **5** of **7**

treatment to determine the frequency and severity of signs or symptoms that may impose work-related limitations. In sum, there is little relation between the ratings of the Veteran's Administration has assigned and a determination of disability under the Social Security Administration regulations. The limited objective signs and findings, treatment, and the claimant's overall functioning and activities of daily living support two areas of moderate limitations in the broad areas of mental functioning with the reduced mental and social demands of the residual function of capacity.

(Tr. 38).

Under 20 C.F.R. § 404.154, a disability determination made by another agency is not binding on the SSA. Nevertheless, the ALJ must take into account the evidence underlying that decision. As noted in *Bird v. Berryhill*, 847 F.3d 911, 913 (7th Cir. 2017), while VA disability ratings are not controlling, the SSA will consider the supporting evidence on which they are based.

The VA disability determination identified *more than ten* clinical findings supporting Plaintiff's diagnoses of major depressive disorder and attention deficit hyperactivity disorder ("ADHD"). (Tr. 330). Although the ALJ was not required to assign any weight to the VA's disability determination, he was required to build an accurate and logical bridge between the evidence and his conclusions. The ALJ's decision, however, contains no discussion of the medical evidence underlying the VA's determination. While the regulations do not require the ALJ to analyze another agency's disability determination, the regulations do require consideration of the supporting medical evidence. *See* 20 C.F.R. § 404.1513(a)(3). The ALJ's failure to evaluate the evidence leaves the Court unable to determine whether it was adequately considered in assessing

Plaintiff's RFC and the resulting vocational findings. As such, the Court finds that the ALJ erred.[3]

The ALJ's error requires remand. "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted).

This Memorandum & Order should not be construed as an indication that the Court believes that Plaintiff was disabled during the relevant period or that he should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

### CONCLUSION

The Commissioner's final decision denying Plaintiff's application for disability benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 23, 2026.**

Digitally signed by Judge Sison
Date: 2026.07.23 14:51:11 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[3]    As the Court finds that the ALJ committed error regarding the VA disability rating's underlying medical evidence, which requires remand, the Court need not address Plaintiff's other argument.